UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-23727-CIV-UNGARO

**FRANK JIMENEZ**; and
others similarly situated,

     Plaintiffs,

v.

**FERCO MOTORS CORP.**, et al.,

     Defendants.

_____/

## **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

     **IN ACCORDANCE** with Rule 33 of the Federal Rules of Civil Procedure, or other applicable authority, the Defendants, are requested to answer the following interrogatories, in writing and under oath, and serve your answers upon the attorney for the Plaintiffs, within thirty (30) days after service thereof.

**DATED** this 20th day of January, 2011.

Anthony F. Sanchez, P.A.
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:  305-665-9211
Fax:  305-662-2524
E-mail: afspalaw@aol.com


_____
Anthony F. Sanchez
Florida Bar No. 0789925

<u>DEFINITIONS AND INSTRUCTIONS</u>

1.　　The phrase "state each fact" as used in these interrogatories is intended to and shall be interpreted to request, at a minimum:  (a) each fact known to Defendant as of the date the interrogatories are answered; (b) identification of any documents relating to the fact; and (c) identification of each person having knowledge of the fact.

2.　　The phrase "describe and explain" as used in these interrogatories is intended to and shall be interpreted to request at a minimum a full and fair statement of the fact or matter being described and explained including a statement of all facts and circumstances necessary to understand and evaluate the fact or matter being described and explained.

3.　The phrase "relating to" or "related to" as used in these interrogatories is intended to and shall be interpreted to mean, referring to, evidencing, pertaining to, consisting of, reflecting, concerning or in any way logically connected with the matter discussed.

4.　　The word "person" or "persons" as used in these interrogatories is intended to and shall be interpreted to mean any natural person, corporation, partnership, association, joint venture, agency, or other organization or business entity.

5.　　The word "identify" as used in these interrogatories is intended to and shall be interpreted to mean designate, describe, characterize, denominate, specify, differentiate or portray.  When identification of a natural person is required, state his or her:  (a) name; (b) business and residential address; (c) business and residential telephone numbers; and (d) business affiliation and title.   When identification of a person other than a natural person is required, (a) state its full name; (b) state its form or organization or legal status; (c) state its business address and telephone number; and (d) identify the natural persons employed by or

representing such entity or organization who have knowledge or with whom communications have been had relating the matter involved.  When identification or an oral communication is required:  (a) identify the persons between whom the communication took place; (b) state the date of the communication; (c) state whether the communication was in person or by telephone or other electronic medium; and (d) describe and explain the substance of the communication.

6.      The word "document" or "documents" as used in these interrogatories is intended to an shall be interpreted to mean any writing and any other tangible thing in the custody, possession or control of or known to defendants, whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason, including but not limited to letters, reports, agreements, communications, including intra-company communications, correspondence, telegrams, memoranda, summaries or records of personal conversations, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphs. Laboratory and engineering reports and notebooks, charts, plans, drawings;   minutes of records of meetings including directors' meetings, minutes of records of conferences, expressions or statements of policy;   lists of persons attending meetings or conferences, reports and/or summaries of  interviews, reports and/or summaries of investigations, inspections, opinions or reports of consultants;   surveys; records, reports or summaries of negotiations;  brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, and revision of any drafts of any documents.   Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate document.  Where identification of a document is required, state:  (a) the date of the document; (2) the originator or maker of document; (c) the type of

3

document; (d) the addressee or intended recipient of the document, if any; and (e) identification of persons to whom copies of the document were furnished.  Alternatively, documents may be identified by numbering each such document and referring to the number in the request and providing a true copy of each such numbered document with the answers to interrogatories.

7.     The word "you", "your", "Defendant", or "Employer" as used in these interrogatories is intended to and shall be interpreted as meaning and referring to the named Defendants Juan Carlos Fernandez and "FERCO Motors Corp.", a Florida corporation, including the subsidiaries or other related entities which operate as part of the "FERCO Motors Corp." as alleged in the FLSA Complaint in this case.

8.     The word "date" or "dates" as used in these interrogatories is intended to and shall be interpreted as meaning the exact day, month, and year, or the best approximation.

9.     The word "Complaint" means Plaintiff's Complaint or any subsequently amended initial pleading setting forth the causes of action.

10.    Words in the plural include the singular and words in the singular include the plural.  Connector words shall be construed conjunctively or disjunctively as necessary to bring within the scope of any interrogatory any information which might not otherwise be construed to be outside of scope.

11.    Unless otherwise indicated, the applicable time period for these interrogatories is October, 2007 through the present.

## <u>INTERROGATORIES</u>

1.   Describe in detail the manner in which the Defendant keeps and maintains data regarding the actual hours worked by automobile salespersons in order to determine the amount which they are to receive during any given "Pay Period".

2.   If any evidence described in answer to Interrogatory No. 1 above involves alleged verbal or written statement(s) of any person, identify and fully describe the person(s) who allegedly made this statement(s) and fully describe the statement(s) including date(s), location(s) and each person to whom the statement(s) were made.

3.     Describe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which the employer believes shows, or tends to show, that it informed each Plaintiff -- or any other employee who receives or has received an hour rate of pay – of their rights to minimum wage compensation.

4.     Describe in detail all evidence, including each and every fact, event, statement, or incident, including each date upon which such event, statement or incident occurred, which Defendant believes shows, or tends to show, that Defendant, afforded Plaintiff all rights under the Fair Labor Standards Act.

5.    Please identify, with regard to all dealerships, subsidiaries, or sister corporations of the "FERCO Motors Corp." Group, all employees and former employees (to include name, job title, address, telephone number, social security number and e mail address) -- or other person who rendered services to or for the benefit of the Defendant -- who were employed as salespersons or who were employed in a manner similar to the manner in which the Employer employed Plaintiff Frank Jimenez.

6.    Please identify, with regard to all dealerships, subsidiaries, or sister corporations of the "FERCO Motors Corp.", all employees and former employees (to include name, job title, address, telephone number, social security number and e mail address) -- or other person who rendered services to or for the benefit of the Defendant -- who were compensated in a manner similar to the manner in which the Employer compensated the Plaintiff Frank Jimenez.

7.      Please describe, in complete detail, the corporate, organizational structure of Defendants, including all geographical regions, divisions, districts, branches, and all departments, subsidiary, parent and sister corporations or dealerships.

8.      Please describe, in complete detail, the manner in which information is kept on employees of Defendant, and whether such information is stored by computer and, if so, the details of such storage and all information that is available in that system.

9.     State the name, job classification of all personnel that have been terminated, laid off, or otherwise disciplined by the Defendant in any way on any basis which included that said employee failed to comply with the requirements of the Fair Labor Standards Act, or that said employee asserted rights under the Fair Labor Standards Act.

10.    Please provide a complete list of every employee or former employee of the Defendant or related entities whom has ever – directly or indirectly – filed or voiced a claim, charge, and or complaint (civil, criminal, internal, or administrative) to vindicate or assert rights under the Fair Labor Standards Act.

11.     With respect to item number 10 above, please provided the following:

      a.   The jurisdiction and/or entity in which such claim, charge or complaint was made;

      b.   The Claim No., Charge No., Case No., and other identifying information by which such claim, charge, or complaint is recognized, filed, or cataloged, by any investigating entity, court, arbitrator, or government agency;

.

12.     Please describe in complete detail all of the qualifications and job duties for the position or positions held by each Plaintiff whenever employed by the Employer.

13.  Please state whether Defendant, has ever maintained insurance to cover the claims raised in Plaintiffs' Complaint and, if so, identify the carrier and policy information and state the limits of those policies.

14.  Identify by full name, last known address, and telephone number, each and every individual believed or known to you to have knowledge or to have witnessed the events set forth in the pleadings, including all those persons whom you may call as witnesses at trial during your defense or rebuttal case.  This should include every person with most knowledge regarding the pay practices for each dealership(s) which is part of the "FERCO Motors Corp.".

15.     With respect to those individuals identified in response to Interrogatory Nos. 14 above, describe in detail the nature and substance of the knowledge or information he or she possesses.

16.     Identify each person who has contacted you or any attorney or representative of yours concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

17.     State the factual basis for each defense or affirmative defense raised or which you will raise in your Defendants' Answer, and Affirmative Defenses.

18.     State whether you or any attorney or representative on your behalf has obtained statements, reports, memoranda or recordings from any person, which in any way relate to the facts of this case or the matters alleged in the parties' pleadings.  If your answer is in the affirmative, separately identify the author of each statement, report memoranda or recording; the person or persons to whom the statement, report memoranda or recording was issued, distributed, or otherwise provided; the present location and custodian of each such statement, report memoranda or recording; and state the date each such statement, report memoranda or recording was prepared.

COMPLETED BY _____
                               FERCO Motors Corp.

TITLE _____

## ACKNOWLEDGEMENT

**STATE OF FLORIDA**

**COUNTY OF** _____

      BEFORE ME, the undersigned authority, appeared _____,

who is personally known to me and/or has produced _____

as identification and did/did not take an oath, and who acknowledges that he/she has read

the foregoing instrument and that the same is true and correct to the best of his/her

knowledge, information and belief.

      _____
      Notary Public, State of Florida at Large
      My commission expires:

14

COMPLETED BY _____

Juan Carlos Fernandez

## **ACKNOWLEDGEMENT**

**STATE OF FLORIDA**

**COUNTY OF** _____

      BEFORE ME, the undersigned authority, appeared _____,

who is personally known to me and/or has produced _____

as identification and did/did not take an oath, and who acknowledges that he/she has read

the foregoing instrument and that the same is true and correct to the best of his/her

knowledge, information and belief.

_____

Notary Public, State of Florida at Large

My commission expires:

15

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I mailed the foregoing via U.S. Mail on January 20, 2011 and that the forgoing is being served on all counsel of record, including: : Karen J. Barnet-Backer, Esq, John Ruiz, P.A., 5040 N.W. 7th Street, Suite 920, Miami, FL, 33126.

ANTHONY F. SANCHEZ, P.A.
COUNSEL FOR PLAINTIFF
1450 MADRUGA AVENUE, SUITE 408
CORAL GABLES, FL 33146
TEL.:    305-665-9211
FAX:     305-662-2524
E-MAIL: afspalaw@aol.com

_____
ANTHONY F. SANCHEZ
FLORIDA BAR NO. 0789925