UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-23727-CIV-UNGARO

**FRANK JIMENEZ**; and
others similarly situated,

    Plaintiffs,

v.

**FERCO MOTORS CORP.**, et al.,

    Defendants.
_____/

<u>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

    Plaintiffs, by and through undersigned attorney, serves the following Request for Production of Documents upon Defendants, to be responded to at the address of counsel for Plaintiff pursuant to Rule 34 of the Federal Rules of Civil Procedure, within thirty (30) days after receipt of same.

    Respectfully submitted,

Anthony F. Sanchez, P.A.
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:   305-665-9211
Fax:   305-662-2524
E-mail: afspalaw@aol.com

By: _____
    Anthony F. Sanchez
    Florida Bar No. 0789925

1

## DEFINITIONS

As used in this request, the following terms shall have the meanings indicated unless the context is clearly to the contrary:

A. "Plaintiff" means the original Plaintiff, Frank Jimenez, and any and every similarly situated employee or former employee who has or does opt-in to this lawsuit.

B. "Defendant" or "employer" means and refers to the named Defendants interrogatories is intended to and shall be interpreted as meaning and referring to the named Defendants Juan Carlos Fernandez and "FERCO Motors Corp.", a Florida corporation, including the subsidiaries or other related entities which operate as part of the "FERCO Motors Corp." as alleged in the FLSA Complaint in this case.

C. "Person" shall mean any individual, proprietorship, partnership, corporation, trust, association, joint venture, or other entity.

D. "You" or "Yours" shall refer to Defendants, as defined herein.

E. "Document" means the original and every non-identical copy of every paper or other record, regardless of origin or location, in whatever form, including electronic mail, in the possession, custody or control of Defendant or prepared by or for Defendant, including without limitation, printed, typed or handwritten materials, letters, correspondence, email, memoranda, minutes of meeting, bulletins, reports, specifications, telegrams, notes, notebooks, scrap books, diaries, work sheets, summaries, transcripts, contracts, exhibits to contracts, records, purchase orders, invoices, interoffice communications, delivery receipts, warranties, advertisements, fliers, promotional literature, computer sheets, cards, programs or printouts, drawings, drafts tables, charts, photographs, electromagnetic recordings and instructions, electronic data of any kind, and shall include drafts or non-final versions of any of the foregoing.

F. "Communication" shall mean any contact, oral or written or electronic, formal or informal, at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing or referring to any such contact.

G. "Or" means and/or and should be read both ways so as to encompass both constructions and calls for answers to be provided to both constructions.

H. "Complaint" means the Complaint filed in the above captioned matter.

## INSTRUCTIONS

Please identify each document produced for inspection pursuant to this request by a Defendant's identification number and organize and label the documents produced to correspond with the categories in this request.

The time period covered by this request, unless otherwise specified, is from October, 2007 through the date of response to this request.

Documents with respect to which privilege is claimed (including work product) shall be sufficiently described so that Plaintiff can bring the question of privilege before the Court. Documents shall be deemed to be adequately described if the following data are provided:

    A.    The nature of the privilege claimed;

    B.    The identity and position of the person(s) supplying the information on which the privilege is based;

    C.    The locations and approximate date the document was prepared, its title, the type of document (e.g. letter, memorandum, etc.), addressee and length in pages;

    D.    The name of each person (other than stenographic or clerical assistant) participating in preparation of the document;

    E.    The name and position of each person, other than your attorney, if any, to whom the contents of the document has been communicated by copy, exhibition, reading or substantial summarization; and

    F.    A brief description or summary of the content of the document sufficient to explain the privilege involved.

If any portion of a document is claimed to be privileged, produce the non-privilege portion for inspection and copying and provide the data set forth immediately above as to the alleged non-privileged portion.

This request for production is a continuing one; if, after producing documents you obtain or become aware of other documents responsive to this request, you are requested to produce such additional documents.

## DOCUMENTS TO BE PRODUCED BY DEFENDANT

REQUEST NO. 1

All notes, dairies, calendars, personal files, personnel records, disciplinary records or investigations, books or other written records which you have maintained pertaining to the employment of the Plaintiffs. This should include, but is not limited to all payroll records, checks, pay stubs, Sign in Registers, time sheets or time cards, clock punch cards, "Settlement Period" calculations "Wash out Sheets" and forms, and all corresponding data, Disciplinary Reports and personnel records. Provide these records as they pertain to every named Plaintiff and every other person employed as a salesperson by the Defendant since October, 2007 who opts in to this lawsuit by filing a "Consent to Join".

REQUEST NO. 2

All personnel records (including Disciplinary Reports and complaints made against each) for each of the Plaintiffs, including all data required to be kept pursuant to 29 C.F.R. §516.2.

REQUEST NO. 3

All documents relied upon and reviewed in order to respond to Plaintiff's First Set of Interrogatories to Defendants.

REQUEST NO. 4

All payroll records -- including W-2s, W-4s, W-9s and 1099s -- pertaining to all wages or other compensation paid or reported by the employer on account of each Plaintiff for each pay period when wages were paid.

REQUEST NO. 5

Copies of any and all performance evaluations or appraisals of the Plaintiff.

REQUEST NO. 6

Copies of all policies and procedures which you contend govern, define or establish the employer-employee relationship or which pertain to or describe the job duties of the Defendants' sales staff, and which define or explain the pay practices of the Defendants as it pertains to their sales staff.

REQUEST NO. 7

All clock punch cards, clock punch data, or other time keeping records maintained for each Plaintiff.

REQUEST NO. 8

All time cards or time sheets turned in by every Plaintiff or kept by you regarding the time worked data of each Plaintiff.  This request includes all such time sheets or time cards in the form in which the employee turned them into his supervisor as well as the form in which his supervisor turned them in to the payroll department.

REQUEST NO. 9

Produce every document by which the Defendant would establish that it specifically posted required notices pertaining to employee rights to minimum wage.

REQUEST NO. 10

Any and all documents used by the Defendant to advise its employees of their rights under the Fair Labor Standards Act as required by 29 C.F.R. §516.4 or other authority, or which attempt to describe, or have them waive or modify their rights under the FLSA.

REQUEST NO. 11

Copies of all grievances, complaints, or notes thereof related to communications from employees of the Defendant, pertaining to the failure to pay overtime wages.

REQUEST NO. 12

Copies of any organizational chart describing the corporate structure of the Defendants including all subsidiaries, sister corporation and dealerships and the corresponding related entities, including all those which operate as part of the "FERCO Motors Corp."

REQUEST NO. 13

A complete List of employees (to include name, job title, address, telephone number, social security number and e mail address) -- or other person who worked as salespersons for the benefit of the Defendants during the period commencing October, 2007 to the present.

REQUEST NO. 14

All operating manuals and/or handbooks for DEFENDANTS, including, but not limited to, documents setting forth information regarding personnel policies, and any related documents. This should be provided for every dealership identified as part of the "FERCO Motors Corp.". This should include any and all contract or other document purporting to define or establish terms and conditions of employment for any and every Plaintiff.

REQUEST NO. 15

Any and all documents or things which in any way support any affirmative defense raised or to be raised with respect to the Complaint.

REQUEST NO. 16

Any and all documents, writings or things relating to the identity and qualifications of Defendants' expert witness(es), and any report, study, survey or opinion rendered by the same.

REQUEST NO. 17

Provide all documentation showing the financial worth of the Defendants.

REQUEST NO. 18

Provide any and all written or recorded statement offered by or taken from any person, witnesses or other persons or employees regarding the alleged circumstances which resulted in the termination from employment with Defendants of any and every Plaintiff.

REQUEST NO. 19

Provide any and all documents, writings which record, summarize or describe any meetings or discussions between any Plaintiff and any agent of the Defendants relating to any allegation in the Complaint, Answer, or Affirmative Defenses.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I mailed the foregoing via U.S. Mail on January 20, 2011 and that the forgoing is being served on all counsel of record, including: Karen J. Barnet-Backer, Esq, John Ruiz, P.A., 5040 N.W. 7th Street, Suite 920, Miami, FL, 33126.

Anthony F. Sanchez, P.A.
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:   305-665-9211
Fax:   305-662-2524
E-mail: afspalaw@aol.com

_____
Anthony F. Sanchez
Florida Bar No. 0789925