UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23727-CIV-UNGARO/SIMONTON

FRANK JIMENEZ,

    Plaintiff,

v.

FERCO MOTORS CORP., and
JUAN CARLOS FERNANDEZ,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY RESPONSES

Presently pending before the Court is Plaintiff's Motion to Compel Better Discovery Responses from Defendants (DE # 23).[1]  The Motion has been referred to the undersigned (DE # 24).  A hearing was held on the Motion on March 28, 2011, wherein the undersigned granted the Motion, in part.  This Order incorporates that ruling.

### I. BACKGROUND

This action was initiated when Plaintiff Frank Jimenez ("Jimenez") filed an action against Defendants Ferco Motors Corp., and Juan Carlos Fernandez ("Ferco") alleging minimum wage violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1).  According to the Complaint, from October 2007 until the present, during numerous pay periods, Defendants failed to pay the highest applicable minimum hourly wage to Plaintiff in his position as a salesperson (DE # 1 at 4).

Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint

---

[1] Plaintiff's Motion to Compel is styled as one seeking "Better" Discovery Responses.  However, it is not disputed that Defendants did not provide any responses to Plaintiff's discovery requests prior to the instant Motion to Compel, thus the Motion should have omitted the word "Better." This error does not alter the Court's analysis of the Plaintiff's Motion to Compel.

wherein Defendants raised various defenses to the action (DE # 15).

On March 23, 2011, Plaintiff filed the Motion to Compel at bar asserting that on January 20, 2011, Plaintiff propounded his first Request for Production of Documents and First Set of Interrogatories upon the Defendants (DE # 23).  Plaintiff contended that as of the date of filing the Motion to Compel, Defendants had failed to respond to the discovery requests.  In the Motion, Plaintiff requested that the Court direct the Defendants to respond to Plaintiff's discovery requests, that Defendants' objections to the discovery requests be deemed waived for Defendants' failure to timely respond to those requests, and that Plaintiff be awarded reasonable attorney's fees and costs incurred in filing the Motion to Compel.

In response, two days after the Motion to Compel was filed, Defendants filed a Notice of Compliance indicating that the Defendants had served their responses to Plaintiff's discovery requests (DE # 26).

Plaintiff then filed a Notice of Filing Additional Material Relative to Defendants' "Notice of Compliance" wherein Plaintiff asserted that although on March 26, 2011, Defendants had responded to Plaintiff's discovery requests, that Defendants raised objections in those responses that Plaintiff believed should be deemed waived as requested in Plaintiff's Motion (DE # 27).  In addition, Plaintiff argued that Defendants' objections were substantively without merit and that the information sought by Plaintiff was clearly discoverable and relatively easy for Defendants to produce.  Plaintiff attached a copy of the discovery requests and the Defendants' responses to those requests to the Notice which reflected that Defendants raised four objections to eighteen interrogatories and two objections to nineteen requests for production (DE # 27-1),

At the March 28, 2011, hearing on the Motion to Compel, Plaintiff's Counsel stated

that he called Defendants' Counsel numerous times beginning about March 17 or 18, 2011 regarding Defendants' failure to respond to the discovery. According to Plaintiff's Counsel, when he telephoned Defendants' Counsel, he received a voice mail message directing him to not leave a message and to contact Counsel's secretary instead. Plaintiff's Counsel thereafter attempted to contact Defense Counsel's secretary and left a message with the secretary regarding the Defendants' tardy discovery responses. In addition, Plaintiff forwarded a draft copy of the Motion to Compel to Defendants via email the following week.

In response, Defendants' Counsel asserted that her failure to timely respond to the Plaintiff's discovery was due to the fact that she inadvertently failed to properly calendar the response date, and thus her tardy response was due to excusable neglect. In addition, Counsel stated that she had been on vacation from March 11, 2011 through March 21, 2011 and had not received any messages from Plaintiff's Counsel regarding the discovery responses until she received an email on Wednesday, March 23, 2011. She further stated that her client was out of the country when Defense Counsel tried to reach him after she received the email from Defendant regarding the tardy responses. Counsel further contended that Plaintiff's Counsel filed the instant Motion before she had an opportunity to respond after Plaintiff's Counsel alerted her to the fact that she had failed to timely respond to the discovery requests. Thereafter, during the next two days, Defendants' Counsel responded to the discovery requests and filed a Notice of Compliance indicating that Defendants had served their Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Request for Production (DE # 26).

II. **LAW & ANALYSIS**

It is undisputed that under Federal Rules of Civil Procedure 33 and 34, parties

must respond to both interrogatories and requests for production within thirty days of being served with the discovery, unless the parties stipulate to another date.  In addition, pursuant to Rule 26.1 (h) of the Local Rules for the Southern District of Florida, motions to compel shall be filed within thirty days of the occurrence of grounds for that motion.  S.D. Fla. L.R.  26.1 (h) (2010).

In this case, Defendants undoubtedly were tardy in providing their responses to Plaintiff's discovery requests.  However, once Defendants realized the oversight, Defendants promptly responded and provided much of the information sought by Plaintiff.  In addition, the undersigned notes that although Plaintiff filed his Motion to Compel within thirty days after the expiration of the time that Defendants were required to respond to Plaintiff's discovery requests, Plaintiff's Counsel did not promptly attempt to contact Defendants' Counsel to alert her to the failure to respond.  Rather, Counsel for Plaintiff waited until three weeks later to do so.  Thus, although Plaintiff's Motion to Compel was timely, under the circumstances of this case, the undersigned concludes that it is not appropriate to deem Defendants' objections to Plaintiff's discovery requests waived.  However, Defendants' failure to timely respond to discovery, and counsel's failure to respond to messages caused Plaintiff to file the instant Motion to Compel and thus Plaintiff is entitled to have Defendants pay the attorney's fees associated with bringing this Motion. Fed.R.Civ.P. 37(a)(5).

Accordingly, as ruled at the hearing, although Plaintiff's Counsel requested that he be compensated at an hourly rate of $375.00 for fees associated with filing this Motion, the undersigned finds the reasonable hourly rate to be $300.00 in this matter.  Therefore, Defendants are directed to pay Plaintiff's attorney's fees in the amount of $300.00 for one hour of work performed on the Motion to Compel.  That amount is

payable at the conclusion of the case.

### III. CONCLUSION

Therefore, based on the foregoing and for the reasons stated herein and on the record on the hearing on the Motion to Compel, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 23) is **GRANTED, in part.** To the extent that Plaintiff seeks to have the Defendants' objections deemed waived, that relief is denied. To the extent the Plaintiff seeks to have the Defendants pay the attorney's fees associated with having to bring the Motion to Compel, that relief is granted. As stated above, Defendants shall, at the conclusion of this matter, pay Plaintiff's Counsel three hundred dollars ($300.00) for fees associated with bringing the Motion to Compel.

It is further

**ORDERED AND ADJUDGED** that the Parties shall meet and confer in a good faith attempt to resolve any outstanding issues related to Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production. If the Parties are unable to resolve their differences, either Party may file a Motion seeking appropriate relief regarding the remaining discovery disputes.

**DONE AND ORDERED** in chambers in Miami, Florida on March 29, 2011.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record